# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MARSHELL ALLEN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:16-CV-00124-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.    **Whether the ALJ considered all relevant impairments.**

II.    **Whether the ALJ improperly applied applicable regulations.**

III.    **Whether the ALJ reasonably discerned the evidence presented.**

### Administrative Proceedings

Plaintiff Marshell Allen filed applications for disability insurance benefits and supplemental security income on August 29, 2012 alleging that she has been disabled to work since August 16, 2011. Her claims were denied initially on November 7, 2012 and denied on reconsideration on January 24, 2013. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on March 13, 2013, and the hearing was conducted on May 5, 2015. Plaintiff appeared with her attorney and testified at the hearing. Tr. 20. The ALJ issued an unfavorable decision denying her claims on May 26, 2015. Tr. 17-42). She next requested review by the Appeals Council on June 1, 2015, but was denied on August 3, 2016. (Tr. 14-16, 1-6). Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff brings this action seeking judicial review of the Commisioner's final decision to deny her applications for benefits. Her case is ripe for review.

Plaintiff was fifty-four years of age when the ALJ rendered his unfavorable decision. She attended high school until the eleventh grade and has past relevant work as

4

a medical and appointment clerk and security guard. Tr. 236, 288, 64, 92. The ALJ conducted the five-step sequential analysis of her claims mandated by the Commissioner's regulations and found that Plaintiff has severe impairments of coronary artery disease and mild degenerative joint disease in the right knee. 20 C.F.R. §§ 404.1520 (2012), 416.920 (2017); (Finding No. 3, Tr. 22). He further found that her impairments of left ankle injury, smoking related asthma, carpal tunnel syndrome and anxiety with dysfunctional disorder are non-severe and detailed the reasons for his conclusion. (Finding No. 4, Tr. 23-27). In his step-three analysis, he concluded that Plaintiff's impairments, considered alone and in combination with one another, do not meet or medically equal the listed impairments set out in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2016). (Finding No. 5, Tr. 27-28). Between steps three and four, the ALJ formulated a residual functional capacity (RFC) assessment which permits Plaintiff to engage in light work with added exertional, postural and environmental limitations. (Finding No. 6, Tr. 28-35). At step-four he determined that this restricted RFC assessment is sufficient for her to return to her "past relevant work" in each of the three jobs he identified as meeting that definition under 20 C.F.R. §§ 404.1560(b) and 404.1565 (2012). (Finding No. 7, Tr. 35-36). He therefore found her to be not disabled to work. (Finding No. 8, Tr. 37).

## DISCUSSION

### I. Whether the ALJ Considered All Relevant Impairments.

In her first asserted error, Plaintiff contends the ALJ erred in not finding her alleged impairments of carpal tunnel syndrome and generalized anxiety disorder "severe

5

impairments" in his step-two analysis. This argument has no merit. The ALJ found at step two that Plaintiff has severe impairments and proceeded through the succeeding steps. When any severe impairment is found at step two, its requirements are met and the step-two finding is therefore in the claimant's favor. *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987). The ALJ is not required to set forth all severe impairments because doing so does not affect the step-two outcome. *Flemming v. Comm'r of Soc. Sec.,* 635 F. App'x 673, 675 (11th Cir. 2015).

Plaintiff also argues that the RFC formulated by the ALJ does not include all of her impairments and that the hypothetical question posed to the vocational expert was incomplete. She asserts that the record evidence shows that she has mental limitations not accounted for in either the RFC or the hypothetical question. In his written decision, the ALJ discussed both her severe impairments and her non-severe impairments. He specifically noted that Harvey Gayer, PhD., examined Plaintiff on September 16, 2014 and found her to be focused with intact memory and logical and coherent thought processes. Dr. Gayer found no indication that Plaintiff would have problems following simple instructions but did have "mild" indications of difficulty with understanding and remembering detailed instructions. Tr. 634-635. He further found her to be capable of sustaining attention for extended periods of time, persisting in tasks, and maintaining pace. He described her overall prognosis as "good" and "likely to improve." Tr. 636.

It is the function of the Commissioner, not the Court, to resolve any conflict in the evidence. The Court cannot re-weigh evidence or decide facts differently. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005). Because the ALJ's findings here are

well-supported by substantial evidence, they must be affirmed even if the Court would have found the preponderance of evidence to be otherwise. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). Thus, Plaintiff's second enumeration of error is also without merit.

## II. Whether the ALJ improperly applied governing regulations.

Plaintiff contends that the ALJ improperly applied the Commissioner's regulations governing non-compliance with medical treatment, and wrongly discounted her credibility without good cause because she did not cease smoking despite coronary artery disease and asthma. This claim has two distinct parts. As to the first—that she was considered by the ALJ to be non-compliant with medical advice—the ALJ expressly stated that he did "not determine that [Plaintiff's] failure to follow treatment recommendations of [her] physician causes [her] to be found not disabled." Tr. 35. Nothing in the written decision causes the Court to conclude otherwise.

As to the second part, that her credibility was improperly discounted regarding the disabling effects of asthma, the Court agrees with the Commissioner that continuing to smoke indicates symptomology that is less than that asserted by Plaintiff. The ALJ reasonably concluded that smoking continually is a habit or activity of daily life that belies assertions of crippling asthma or coronary artery disease. When the ALJ articulates clearly his reasons for discounting a claimant's testimony about subjective complaints, and his reasons are supported by substantial evidence in the medical record, his decision should be affirmed. *Jarrell v. Comm'r of Social Security,* 433 F. App'x 812 (11th Cir. 2011). There is thus no merit in Plaintiff's third assertion.

### III. Whether the ALJ reasonably discerned the evidence presented

Last, Plaintiff claims that the ALJ erred in weighing the evidence. She argues that "the greater weight/substantial weight of the evidence" shows that she cannot stand or walk for six out of eight hours. Her argument is based on her asserted knee and ankle pain. Substantial evidence in the record shows, however, that objective medical testing undercuts her subjective complaints. MRI studies were characterizedjj,b as showing no more than "mild," "subtle," or "trace" abnormalities, and a medical opinion by an examining physician stated that she retains functionality. Tr. 455, 494-519, 565-601, 662-675. The ALJ's findings regarding Plaintiff's credibility is well-supported by substantial evidence and is affirmed. *Hand v. Bowen,* 793 F.2d 275 (11th Cir. 1986).

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 18th day of September, 2017.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE